# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY PEDRO DONES,<br><br>              Petitioner,<br><br>v.<br><br>KATHLEEN ALLISON,<br><br>              Respondent. | Case No. 22-cv-282-MMA (BLM)<br><br>**ORDER OVERRULING PETITIONER'S OBJECTION;**<br><br>[Doc. No. 11]<br><br>**ADOPTING REPORT AND RECOMMENDATION;**<br><br>[Doc. No. 10]<br><br>**DENYING PETITION FOR WRIT OF HABEAS CORPUS;**<br><br>[Doc. No. 1]<br><br>**AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY** |

On March 1, 2022, Tommy Pedro Jones ("Petitioner") a state prisoner proceeding *pro se*, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254. *See* Doc. No. 1 (the "Petition"). Petitioner challenges the validity of his state court conviction for committing a lewd and lascivious act upon a child with enhancements. *Id.* On June 1, 2022, Respondent filed an answer to the Petition. *See* Doc. No. 5. On August 29, 2022, Petitioner filed a traverse. *See* Doc. No. 9. On December 28, 2022, Magistrate Judge Barbara L. Major issued a detailed and well-reasoned Report and Recommendation

("R&R"), recommending that the Court deny the Petition. *See* Doc. No. 10.[1] Petitioner filed an objection to the R&R. Doc. No. 11. Respondent did not file a reply. Upon due consideration and for the reasons set forth below, the Court **OVERRULES** Petitioner's objection, **ADOPTS** the R&R, **DENIES** the Petition, and **DECLINES** to issue a certificate of appealability.

## I. LEGAL STANDARD

A district court has jurisdiction to review a magistrate judge's report and recommendation on dispositive matters. *See* Fed. R. Civ. P. 72(b). Pursuant to Rule 72 and 28 U.S.C. § 636(b)(1), the Court must make a de novo determination of any part of the magistrate judge's disposition to which a party has properly objected. *See id.*; *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). The Court "may accept, reject, or modify, in whole or in part, the recommendations or findings made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

## II. DISCUSSION[2]

Petitioner raises one objection to Judge Major's R&R: that he is actually innocent. Doc. No. 11. Judge Major concluded that "Petitioner has not shown that the state court decision rejecting his claim of actual innocence was contrary to or an unreasonable application of clearly established federal law." *Id.* at 23–26.[3] Judge Major reasoned that "Petitioner fails to establish that he is entitled to habeas relief due to actual innocence" because, among other things, Petitioner "has failed to provide new, reliable evidence of an alleged constitutional error or new reliable evidence that was not available prior to his

---

[1] All citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.
[2] Judge Major includes a thorough and accurate report of the relevant background and proceedings, which the Court adopts and incorporates by reference herein. Petitioner does not object to Judge Major's account of the facts of the case and procedural background.
[3] Petitioner has not alleged a claim of actual innocence to avoid a procedural bar to a separate claim for habeas corpus relief. *See* Petition. Rather, petitioner asserts a freestanding claim of actual innocence. *Id.* at 7.

1  guilty plea." Doc. No. 10 at 25. In particular, Judge Major considered "Petitioner's
2  statement to police during the investigation[,]" "a declaration from Petitioner's wife," and
3  "several articles about gonorrhea[,]" and concluded that they did not establish Petitioner's
4  actual innocence. *Id.* at 25–26. Accordingly, Judge Major recommends that the Petition
5  be denied. *Id.*

6  Petitioner does not directly address any portion of Judge Major's R&R in his
7  Objection. Doc. No. 11. Rather, Petitioner provides an unsigned declaration—
8  purportedly from Cindy Almestica, his aunt—which Petitioner characterizes as a
9  "[r]ecanted statement from Cindy Almestica." *Id.* at 4–6; *id.* at 7–8 ("Almestica Decl.").
10 Petitioner urges that this document establishes his actual innocence. *Id.*[4]

11 The Supreme Court has not established the existence of a freestanding actual-
12 innocence claim on federal review of a non-capital habeas case. *See Toney v. Sandor*,
13 2012 WL 8023753, at *5 (S.D. Cal. Oct. 26, 2012) (citing *District Attorney's Office for*
14 *Third Judicial District v. Osborne*, 557 U.S. 52 (2009) (whether federal constitutional
15 right to be released upon proof of "actual innocence" exists "is an open question")).
16 Assuming such a claim exists, a petitioner would have to meet an "extraordinarily high"
17 and "truly persuasive" showing in order to establish he was actually innocent of the
18 charges of which he was convicted. *Poizner v. Frauenheim*, 2015 WL 9094128, at *10
19 (S.D. Cal. Dec. 15, 2015) (citing *Herrera v. Collins*, 506 U.S. 390, 400–17 (1993)). The

---

[4] In his objection, Petitioner also makes a fleeting reference to "a declaration from Evelyn Spendlove," his mother, which was not attached to the Objection. *See* Doc. No. 11 at 4. Petitioner states that "Evelyn Spendlove makes it very clear that [Petitioner] has never been involved in sexual acts with anyone." *Id.* Based on Petitioner's representations as to the content of this declaration, Petitioner appears to be referencing two declarations attached to his Petition. *See* Doc. No. 1-3 at 68–69 ("Spendlove Decls."). As with the Almestica declaration, these declarations are not the kind of reliable and credible evidence that affirmatively proves Petitioner's innocence. *See Herrera*, 506 U.S. at 423, (O'Connor, J. concurring) (post-trial affidavits "are to be treated with a fair degree of skepticism"); *Baran v. Hill*, 2009 U.S. Dist. LEXIS 127867, 2010 WL 466153, at *7 (D. Ore. Feb. 9, 2010); *see also Porter v. Adams*, 2007 U.S. Dist. LEXIS 68169, 2007 WL 2703195, at *9 (E.D. Cal. Sept. 14, 2007) (finding "new" evidence unreliable to support actual innocence claim, where petitioner had "simply provided his own self-serving declaration, corroborated by declarations from his cousin and his cousin's cousin," dated five years after petitioner's conviction).

Ninth Circuit has interpreted this "extraordinarily high" showing to mean a petitioner must do more than raise doubt about the conviction, but rather must show affirmative proof of innocence. *Carriger v. Stewart*, 132 F.3d 463, 476 (9th Cir. 1997). A petitioner claiming actual innocence must offer new, reliable evidence of an alleged constitutional error that probably resulted in the conviction of an innocent person. *See Rivera v. Montgomery*, 2014 WL 7183669, at *13 (S.D. Cal. Dec. 16, 2014) (citing *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995)).

As an initial matter, the Court notes that Petitioner's argument that Cindy Almestica "recanted" her statement to police is not new. *See* Doc. No. 10 at 26–24.[5] The October 5, 2021 opinion from the California Court of Appeal, Fourth Appellate District, Division One states that Petitioner "claims newly discovered evidence proves his innocence, because his aunt recanted her statement" and found that Petitioner was not entitled to relief on this or his other claimed grounds for relief because his petition was untimely, procedurally barred, and should be denied on the merits. Doc. No. 1-2 at 10–14. In making this determination, the court noted that "although [Petitioner] claims his aunt recanted her statement . . . when she visited him in prison, he does not provide a declaration from his aunt confirming she recanted her full statement." *Id.* at 14. Based

---

[5] In his Objection to the R&R, Petitioner states that he "created a new writ of habeas corpus under Actual Innocence", *see* Doc. No. 11 at 5, based on this new declaration. It is unclear if Petitioner has filed a new writ in state court; having reviewed this Court's docket, the Court finds no such case filing in this district. In any event, this is not a new ground for relief as Petitioner has raised this argument before. Moreover, the Court notes that any second or successive petition must be authorized by the Ninth Circuit Court of Appeals before it may be reviewed by this Court. *See Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008) ("Even if a petitioner can demonstrate that he qualifies for [the § 2244(b)(2)(B)] exception[], he must seek authorization from the court of appeals before filing his new petition with the district court."). There is no indication that Petitioner has obtained an order from the Ninth Circuit Court of Appeals authorizing this Court to consider a second or successive petition. *See* 28 U.S.C. § 2244(b)(3)(A). Thus, the Court would be without jurisdiction to consider the merits of any new "actual innocence" claim. *See Burton v. Stewart*, 549 U.S. 147, 149 (2007); *United States v. Washington*, 653 F.3d 1057, 1065 (9th Cir. 2011) (noting that because the petitioner has not sought a certificate authorizing him to file a second or successive petition, "the district court was without jurisdiction to entertain the motion).

Ninth Circuit has interpreted this "extraordinarily high" showing to mean a petitioner must do more than raise doubt about the conviction, but rather must show affirmative proof of innocence. *Carriger v. Stewart*, 132 F.3d 463, 476 (9th Cir. 1997). A petitioner claiming actual innocence must offer new, reliable evidence of an alleged constitutional error that probably resulted in the conviction of an innocent person. *See Rivera v. Montgomery*, 2014 WL 7183669, at *13 (S.D. Cal. Dec. 16, 2014) (citing *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995)).

As an initial matter, the Court notes that Petitioner's argument that Cindy Almestica "recanted" her statement to police is not new. *See* Doc. No. 10 at 26–24.[5] The October 5, 2021 opinion from the California Court of Appeal, Fourth Appellate District, Division One states that Petitioner "claims newly discovered evidence proves his innocence, because his aunt recanted her statement" and found that Petitioner was not entitled to relief on this or his other claimed grounds for relief because his petition was untimely, procedurally barred, and should be denied on the merits. Doc. No. 1-2 at 10–14. In making this determination, the court noted that "although [Petitioner] claims his aunt recanted her statement . . . when she visited him in prison, he does not provide a declaration from his aunt confirming she recanted her full statement." *Id.* at 14. Based

---

[5] In his Objection to the R&R, Petitioner states that he "created a new writ of habeas corpus under Actual Innocence", *see* Doc. No. 11 at 5, based on this new declaration. It is unclear if Petitioner has filed a new writ in state court; having reviewed this Court's docket, the Court finds no such case filing in this district. In any event, this is not a new ground for relief as Petitioner has raised this argument before. Moreover, the Court notes that any second or successive petition must be authorized by the Ninth Circuit Court of Appeals before it may be reviewed by this Court. *See Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008) ("Even if a petitioner can demonstrate that he qualifies for [the § 2244(b)(2)(B)] exception[], he must seek authorization from the court of appeals before filing his new petition with the district court."). There is no indication that Petitioner has obtained an order from the Ninth Circuit Court of Appeals authorizing this Court to consider a second or successive petition. *See* 28 U.S.C. § 2244(b)(3)(A). Thus, the Court would be without jurisdiction to consider the merits of any new "actual innocence" claim. *See Burton v. Stewart*, 549 U.S. 147, 149 (2007); *United States v. Washington*, 653 F.3d 1057, 1065 (9th Cir. 2011) (noting that because the petitioner has not sought a certificate authorizing him to file a second or successive petition, "the district court was without jurisdiction to entertain the motion).

on the record before this Court, prior to the submission of the Almestica declaration in January 2023 in support of Petitioner's Objection to the R&R, Petitioner had only offered his own self-serving statement that Almestica "recanted" and that he "spoke with Cindy Almestica" and she was "working with her attorney to create material that promotes my freedom." Doc. No. 9-5 at 1. As the Almestica declaration was not provided to this Court until after Judge Major issued her R&R, she could not have considered the declaration.

In his Objection to the R&R, Plaintiff states that "as of 8/29/22, Cindy Almestica has recanted what she said about me." Doc. No. 11 at 5; *see also* Almestica Decl. (dated "8/29/2022" at the top of the document). Judge Major issued her R&R on December 28, 2022. Doc. No. 11. Plaintiff had nearly two months to provide this evidence to Judge Major prior to the issuance of her R&R and elected not to do so. "[A]n unsuccessful party is not entitled as of right to de novo review . . . of an argument never seasonably raised before the magistrate[.]" *Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).

> Allowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act. We do not believe that the Magistrates Act was intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court.

*Greenhow v. Secretary of Health & Human Servs.*, 863 F.2d 633, 638–39 (9th Cir. 1988), *overruled on other grounds by United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992).[6]

---

[6] Petitioner challenges the validity of his guilty plea. *See generally* Petition. In the R&R, Judge Major concluded "the state court's analysis and decision denying Petitioner's ineffective assistance of counsel claim was 'contrary to' nor an 'unreasonable application of' clearly established federal law or based on an 'unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" 28 U.S.C. § 2254(d). In making this determination, Judge Major noted, among other things, that "while Petitioner claims that his aunt provided false information regarding Petitioner's

Regardless, this is not the kind of reliable and credible evidence that satisfies the extraordinary showing required to show actual innocence. *See Herrera*, 506 U.S. at 423 (O'Connor, J. concurring) (post-trial affidavits "are to be treated with a fair degree of skepticism"); *Baran v. Hill*, 2009 U.S. Dist. LEXIS 127867, 2010 WL 466153, at *7 (D. Ore. Feb. 9, 2010). And even assuming the factual portions of the Almestica declaration constituted reliable evidence, it falls well short of establishing affirmative proof of innocence or satisfying 28 U.S.C. § 2254(d)(2). *See* Almestica Decl.; *see also Porter v. Adams*, 2007 U.S. Dist. LEXIS 68169, 2007 WL 2703195, at *9 (E.D. Cal. Sept. 14, 2007) (finding "new" evidence unreliable to support actual innocence claim, where petitioner had "simply provided his own self-serving declaration, corroborated by declarations from his cousin and his cousin's cousin," dated five years after petitioner's conviction).

Accordingly, the Court **OVERRULES** the objection. Having reviewed the Report and Recommendation and the files and records herein, the Court **ADOPTS** the Report and Recommendation in its entirety. Accordingly, the Court **DENIES** the petition and a writ of habeas corpus shall not issue in this case.

### III. R<small>EQUEST FOR</small> E<small>VIDENTIARY</small> H<small>EARING</small>

Petitioner requests an evidentiary hearing to resolve any factual disputes. Doc. No. 11 at 6. "A habeas petitioner is entitled to an evidentiary hearing if: (1) the allegations in his petition would, if proved, entitle him to relief; and (2) the state court trier of fact has not, after a full and fair hearing, reliably found the relevant facts." *Phillips v. Woodford*, 267 F.3d 966, 973 (9th Cir. 2001) (emphasis omitted). "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Here, the Court finds that the record precludes habeas relief and

---

history of sexually abusing young family members and has since recanted her statement, Petitioner provides no evidence to support his claims." Doc. No. 10 at 19.

the Court does not need any additional facts to adjudicate the Petition. Accordingly, the Court **DENIES** Petitioner's request for an evidentiary hearing.

### IV. CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners require a district court that dismisses or denies a habeas petition to grant or deny a certificate of appealability in its ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. A certificate of appealability is not issued unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). For the reasons set forth in the R&R and incorporated herein, the Court finds that this standard has not been met and therefore **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED**.

Dated: March 20, 2023

HON. MICHAEL M. ANELLO
United States District Judge